## COURT OF APPEALS,
### October 3, 1911.

## THE PEOPLE v. BERT L. BROWN.

(203 N. Y. 44.)

(1.) MURDER—EVIDENCE.

The defendant was convicted of murder in the first degree. The conviction was clearly warranted by the evidence, and none of the exceptions are of sufficient importance to justify a reversal of the judgment.

(2.) SAME—DEFENDANT AS WITNESS.

The defendant, in exercising his right to become a voluntary witness on this trial, subjected himself to all the rules under which the testimony of witnesses may be probed by cross-examination. The People had the right to test the truth and accuracy of his statements, made as a witness upon the trial, by eliciting any other statements previously made either as a witness in some prior proceeding or otherwise.

(3.) SAME—CHARGE.

The trial justice charged "that William Brown, the deceased, bullied and beat the defendant prior to May 21st, and that they (the jury) may take that into consideration on the question as to whether or not it furnished a motive for the crime." *Held,* that although this charge is technically open to criticism, the evidence as to the homicide was so unequivocal that the question of motive was not one of controlling importance.

(4.) SAME.

When a jury excludes from the case the alternative of murder in the second degree by a finding of murder in the first degree, all lower degrees are necessarily eliminated. In such case failure to charge fully as to the degrees of manslaughter is not error.

APPEAL from a judgment of the Supreme Court, rendered June 24, 1910, at a Trial Term for the county of Westchester, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*George C. Andrews,* for appellant.

The court committed error upon the trial in stating that the defendant voluntarily testified before the coroner. People v. Mondon, 103 N. Y. 211. The court erred in permitting the district attorney to read, in the form of questions, under objection and exception, a large portion of the defendant's testimony taken while he was under arrest accused with the crime, before the coroner. People v. Mondon, 103 N. Y. 211; People v. McMahon, 15 N. Y. 384. The court erred in charging the jury that the deceased bullied and beat the defendant prior to May twenty-first, and that the jury may take that into consideration on the question as to whether or not it furnished a motive for this crime. People v. Walker, 198 N. Y. 334. The court committed error in not defining and applying the facts in the case to manslaughter. People v. Florentino, 197 N. Y. 560. The court erred in charging the jury that the law presumes that a man intends the natural and necessary consequences of his acts. People v. Fish, 125 N. Y. 138; People v. Stokes, 53 N. Y. 179; People v. Baker, 96 N. Y. 340; People v. Conroy, 97 N. Y. 76; People v. Barone, 161 N. Y. 451; People v. Martin, 33 App. Div. 282; Code Crim. Pro., § 528.

*Francis A. Winslow,* District Attorney (*Lee Parson Davis* of counsel), for respondent.

Having assumed the character of a witness the defendant exposed himself to the legitimate attacks which may be made upon any witness. People v. Hinksman, 192 N. Y. 421. No error was committed in the reception of evidence on cross-examination of the defendant relative to a sworn statement made by him before the coroner. People v. Hinksman, 192 N. Y. 421. No error calling for reversal was committed by the court in

charging upon the question of deceased having bullied and beaten defendant. People v. Walker, 198 N. Y. 329. The verdict being that of murder in the first degree it was not material whether the court applied the facts to manslaughter. People v. Granger, 187 N. Y. 67; People v. Serimarco, 202 N. Y. 225. No error was committed by the court in charging the jury that the law presumes that a man intends the natural and necessary consequences of his acts. People v. Fish, 125 N. Y. 136; People v. Conroy, 97 N. Y. 62.

WERNER, J.:

On the 24th day of June, 1910, the defendant was convicted of the crime of murder in the first degree. From the judgment of death entered upon that conviction the defendant has appealed to this court. Very little need be said in disposing of the appeal, since the defendant's conviction was clearly warranted by the evidence, and none of the exceptions are of sufficient importance to justify a reversal of the judgment.

The story of the homicide, as told by the witnesses for the prosecution, is short and simple. The defendant and the deceased were half-brothers, both living under the same roof, but not in one family, in the village of Rye, in Westchester county. William Brown, the deceased, lived on the first floor with his mother and a woman called Minnie Brown. The defendant occupied the upper part of the house with a woman known as Martha Lewis. The homicide occurred in the evening of May 21st, 1910. Earlier in the evening the defendant and some of his associates met at the saloon of one Flood. The deceased was in the party. At first they played pool, but later they engaged in a game called "craps." Meanwhile they all drank more or less beer or liquor, and the game ended when the deceased had won all the money of the other members of the party. At that juncture the deceased left for his home, and soon thereafter the proprietor of the saloon requested the others of the party to

leave. The defendant and two of his companions named Goff
and Nichols went to the home of Nichols, where Flood had
some laundry waiting for him. While there the defendant ar-
ranged to borrow a revolver from Nichols and then this trio
went to the house of the deceased. The defendant rapped at
the entrance door and asked for his mother. Minnie Brown
answered that they had all retired for the night. The defend-
ant was insistent, however, and the deceased came to the door
and opened it, when the defendant at once fired two shots in
quick succession, both of which lodged in the body of the de-
ceased. One of these shots penetrated the abdominal aorta,
causing internal hemorrhage, which resulted in death within a
few minutes. As to these facts there is no controversy, and
they are established by direct testimony which clearly proves
that the deceased met his death at the hands of the defendant.
There was other evidence on the part of the prosecution tending
to show that the shooting was done with premeditation and de-
liberation.

The defendant, although admitting that he fired the fatal
shot, claims to have done so in self-defense. He testified that
when the deceased opened the door the latter gave utterance to
an obscene and threatening remark and took the defendant by
the throat, making an attempt to get at the revolver, which was
held by the defendant, and cutting the defendant about the neck
and chest. The defendant also insisted that he shot not to kill
his brother, but to scare Nichols and Goff so as to keep them
from hurting the deceased. This testimony was offset by vari-
ous statements made by the defendant at different times indi-
cating that he had been bullied and beaten by the deceased, and
that the homicide was not justifiable, but was committed with
deliberate and murderous intent. It would serve no useful pur-
pose to recite in detail the evidence which characterizes the de-
fendant's act. It is enough to say that the evidence presented
an issue of fact and that the finding of the jury is fully sus-

tained by the record. Without further discussion of the main issue we, therefore, proceed at once to a consideration of the exceptions upon which this appeal is founded.

The learned counsel for the defendant urges that the trial court committed error in stating to the jury that the defendant had voluntarily appeared as a witness at the coroner's inquest, when he was in fact then under arrest; and in permitting the district attorney to elicit upon the trial a substanial part of the testimony given by the defendant before the coroner. The exceptions taken to these features of the trial seem to be based upon the sections of the Code of Criminal Procedure (188, 196, 198), which relate to the safeguarding of the rights of a person accused of crime pending a magistrate's preliminary investigation of the same, and the authority relied upon in the case of People v. Mondon (103 N. Y. 211), in which it was held that a person under arrest is entitled to the same rights when being examined at a coroner's inquest as he has before a committing magistrate. The difficulty with the rule invoked by counsel for the defendant is that it has no application to the case at bar. The defendant, in exercising his right to become a voluntary witness on this trial, subjected himself to all the rules under which the testimony of witnesses may be probed by cross-examination. People v. Hinksman, 192 N. Y. 421, 432, 22 N. Y. Crim. 585. The district attorney had the right to test the truth and accuracy of his statements, made as a witness upon the trial, by eliciting any other statements previously made either as a witness in some prior proceeding or otherwise. There are two reasons why the exceptions of defendant's counsel to the statement of the trial justice that the defendant had voluntarily appeared as a witness is not well taken. There is nothing in this record to show that the statement was not true, even if we assume it to have referred to the defendant's appearance before the coroner. Beyond that, however, there is the conclusive answer that the remark obviously referred to the defendant's ap--

pearance as a witness upon this trial. The learned justice said : "The defendant voluntarily going upon the stand, *he is subject to the same rule of cross-examination that any witness is subject to.*" These considerations also dispose of the exception to that portion of the charge to the jury in which the trial justice characterized as voluntary the statement of the defendant made before the coroner. There is nothing before us to indicate that this remark of the trial justice was not literally true; and in any event it was clearly harmless.

At the request of the district attorney the trial justice charged "that William Brown, the deceased, bullied and beat the defendant prior to May 21st, and that they (the jury) may take that into consideration on the question as to whether or not it furnished a motive for the crime," and this charge was excepted to by defendant's counsel. There was testimony from which the jury were at liberty to find that the defendant had stated that the deceased had bullied and beaten him, and the defendant also testified that there had been no quarrel or rupture between him and the deceased. It would, therefore, have been better for the trial justice to have stated the proposition in the alternative instead of assuming it to be true that the deceased had bullied and beaten the defendant. We are not convinced, however, that this charge, although technically open to criticism, did any harm to the defendant's cause. The evidence as to the homicide was so unequivocal that the question of motive was not one of controlling importance.

In the main charge the trial justice defined accurately and fully the law relating to murder in the first and second degrees, but made no reference to the statutes defining the two degrees of manslaughter. Thereupon the defendant's counsel asked the court to charge as to the various degrees of manslaughter. This request was only partially complied with, for the trial justice simply paraphrased very briefly that section of the statute which defines manslaughter in the first degree. No exception

was taken to this part of the charge and no request was made for any further charge in that respect. This feature of the trial may also be summarily disposed of. The court had correctly and fully charged as to the two degrees of murder. Had the jury found the defendant guilty of murder in the second degree, there might be some ground for the assumption that the defendant's cause was prejudiced by the action of the court. Such a situation would have lent support to the claim that the jury might have declared the defendant guilty of a still lower degree of homicide had they received proper instructions from the court. All such speculations are dissipated, however, by the fact the defendant was found guilty of murder in the first degree. When the jury excluded from the case the alternative of murder in the second degree, all lower degrees were necessarily eliminated by the same rule. (People v. Granger, 187 N. Y. 67, 72, 20 N. Y. Crim. 504.)

The counsel for the defendant also criticises the charge in so far as it referred to the legal presumption that a man intends the natural and necessary consequences of his acts. There is no exception to this part of the charge, but, even if there were, we find no error in what the trial justice said upon this subject. It was made perfectly plain to the jury that the court, in referring to this presumption, was simply quoting from an argument of the district attorney to the effect that the defendant's use of a deadly weapon, in the conditions disclosed by the evidence, naturally gave rise to the inference that it was used with the intent to kill. At the end of this reference to the district attorney's argument the trial justice said: "Do not understand, gentlemen, that I make that statement; that is the claim made by the district attorney and I simply state to you the law, which is, that a man is presumed to intend the natural consequences of his act." This was a perfectly accurate statement of an abstract legal rule, and that it could not have misled the jury to the defendant's prejudice is rendered evident by a subsequent

charge made at the request of the defendant's counsel to the effect that "even though death might have been the natural consequence of the defendant's act, it does not establish premeditation or deliberation."

There are other exceptions to which we shall not refer, since we do not regard them as of sufficient importance to justify discussion. After a careful study of the record we conclude that the defendant has had a fair trial and that the judgment of conviction must be affirmed.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.