THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SPERDUTO, Appellant.

First Department, November 4, 1927.

Crimes — robbery, first degree — trial — evidence — depositions taken on preliminary examination improperly admitted, since defendant was not given benefit of counsel and proper opportunity to cross-examine.

A judgment convicting the defendant of the crime of robbery, first degree, is reversed, since it appears that a part of the evidence upon which he was convicted consisted of depositions taken on the preliminary examination of the defendant before a magistrate, upon which examination, while the defendant was advised at the beginning thereof of his right to counsel, he was denied the right of a reasonable adjournment and was compelled to proceed with the examination without the benefit of counsel and proper cross-examination.

Neither the right of cross-examination nor the opportunity to cross-examine was given the defendant, since no counsel was present and the time within which to procure one was denied by the magistrate.

APPEAL by the defendant, Joseph Sperduto, from a judgment of the Court of General Sessions of the County of New York, rendered on the 26th day of April, 1926, convicting him of the crime of robbery in the first degree.

*Leo H. Klugherz* of counsel [*Leonard A. Snitkin* with him on the brief], for the appellant.

*William B. Moore, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

McAvoy, J. The defendant was convicted of robbery in the first degree on an indictment in which he was charged with having feloniously assaulted one Joseph Sokalsky in the night time and taken from him one pin of the value of twenty-five dollars and the sum of fifteen dollars in cash, being then and there aided by an accomplice actually present.

The evidence of the People was received in the form of depositions taken in the Magistrate's Court and they show that the complaining witness, another man and a girl were in the hallway of a tenement house in Ludlow street, on December 26, 1925, about one o'clock in the morning, when the defendant and another man entered and said in effect that they were law officers. They said they had complaints about the place and were going to search the complaining witness Sokalsky and his two friends. Under this pretense they took from Sokalsky a diamond stickpin and fifteen dollars in money. They took from the girl a ring, and ten dollars from the other man.

37

While this was being done the defendant held one hand in his pocket and ordered the three not to move, saying: " Stand where you are or I will plug you." After the robbery the defendant and his companion ran out of the hallway, entered an automobile and rode away. The defendant was identified by all three witnesses in the Magistrate's Court as one of the persons engaged in the crime. He did not take the stand there but put on some young men who were in the vicinity of 67 Ludlow street at the time of the robbery, and who saw people in the hallway at that time. Their testimony was to the effect that at the place in question a so-called " line-up " was taking place, which is the slang expression, apparently meaning the entertainment by a prostitute of a number of men.

One witness testified that when they had their car parked in front of 67 Ludlow street a man ran out of the hallway, jumped on the running board of their car and said: "And don't forget to ride fast," and, " Ride, if you know what is good for you." After a short distance their car stalled and the man jumped out. Defendant was not identified by this witness.

The testimony of the People's witnesses shows sufficient facts to establish the crime of robbery and to connect defendant therewith, and whether the defendant was present at the place of the alleged crime engaged in the " line-up " or for the purpose of robbery was a question of fact. The contention of defendant, however, is that the evidence upon which defendant was convicted was improperly received in that none of the witnesses were present at the trial in the Court of General Sessions and that their depositions received there were illegally taken in the Magistrate's Court. Upon proof that after diligent search these witnesses could not be found within the State, the learned trial court permitted the evidence to be read which was given on the preliminary examination in the Magistrate's Court.

It is contended that the proof at the trial did not sufficiently show diligent efforts to locate the missing witnesses, and that in any event the reading of the testimony deprived the defendant of his constitutional right to be confronted by the witnesses against him.

When the defendant was arraigned before the magistrate for his preliminary examination the three witnesses were examined in the presence of the defendant. The defendant himself at one point asked the complaining witness a question during that hearing, but he claims that he was deprived of the right to be advised by counsel. When he was arraigned he said he would like to adjourn the case until Thursday. The court told him he had had since Sunday, and

that since it was a crime of violence he must proceed. He was originally arraigned on Sunday morning and the hearing was held on Tuesday. The court told him to waive examination or go ahead. He asked but one question in the cross-examination, referring to the charge that property was taken from the person of the complainant, to wit: " Did I take it? " to which the witness answered: " No, the other fellow took it." This was the extent of the cross-examination. The minutes of the magistrate's proceedings show that immediately prior to the taking of the witnesses' testimony the magistrate had informed the defendant of his right to counsel, to telephone to relatives or to call witnesses, but immediately thereafter had declined to permit these rights of defendant to be enforced through a short adjournment.

It does not appear that when the defendant was arraigned on Sunday he was notified then of his right to summon witnesses and to have the advice of counsel, and from the record all that is shown is that on the day of his preliminary examination these rights were explained to him and the right to an adjournment refused.

If the magistrate had jurisdiction and had tried this case as a trial judge no such hearing would stand as a fair trial. Of course, the magistrate was holding an examination to determine whether the defendant should be committed to await the action of the grand jury and did not determine the defendant's guilt. The evidence, however, upon which he was convicted was none other than these depositions taken in the Magistrate's Court, and it can hardly be said that the right of cross-examination or the opportunity to cross-examine was given the defendant when no counsel was present and the time to procure one was denied. We do not think, therefore, that the conviction was properly procured and the judgment should, therefore, be reversed and a new trial ordered.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered. Settle order on notice.