Edward M. O’Gorman, J.
The defendant has been, indicted by the Orange County Grand Jury and charged with the crime of mnrder in the first degree, and is at present awaiting trial. Prior to the finding of the indictment, the defendant had been accorded, at his request, a preliminary hearing before Justice of the Peace Peter B. Bush of the Town of Monroe, as a result of which hearing the defendant was held for the action of the Grand Jury and committed to the county jail on November 28, 1958.
Thereafter, and prior to a hearing on a writ of habeas corpus obtained by defendant’s counsel, the Grand Jury handed up its indictment dated December 3, 1958.
The defendant now contends that at the preliminary hearing he was denied the fundamental right to call and examine witnesses on his own behalf, and, as a result, he now seeks the following relief from the court: an order directing the District Attorney to furnish defendant’s counsel with a bill of particulars stating the following:
“1. Was there any powder burns on said Dugan’s overcoat, or raincoat, found on the body of Dugan and if so whereabouts on said garments.
“ 2. Were there any powder burns or marks upon any of said Dugan’s garments and if so where upon said garments.
“ 3. Were there any powder burns on the body of said Alfred Dugan and if so describe them and their position.
“A Were there any bullet holes upon any of the said garments of said Alfred Dugan and if so describe the position and appearance of each.
“ 5. Did Coroner William S. Trumper take any testimony upon his inquest into the death of said Alfred Dugan and if so a copy thereof.
“ 6. Did Dr. Harold Mamelok make a written report or reports regarding his autopsy on the body of said Alfred Dugan and if so that the District Attorney furnish defendant’s attorneys with a copy thereof.
“ 7. Were there any pictures taken other than those in evidence before the grand jury and if so that the District Attorney deliver copies to defendant’s attorneys.
“ 8. Did defendant sign any written statement or statements other than the one admitted in evidence before the grand jury and if so that copies be delivered to defendant’s attorneys.
“9. A written statement from New York State Police Captain John Lawson and New York State Police Corporal Harry Broadbent containing a complete account of their investigation of the alleged crime and of any statements claimed to have been made by defendant in their persence and hearing.”
*58 The People contend that the defendant is not entitled to a bill of particulars of the evidentiary matter set forth above, some of which involves the testimony of experts.
The defendant contends that, had he been accorded his rights before the Justice of the Peace, he would have been able to obtain the answers to the foregoing questions, and now seeks such relief from this court, based on its inherent power to safeguard the rights of a defendant charged with a crime.
Coming first to the question of the legality of the preliminary hearing, there is no doubt that the defendant was not accorded the full range of his statutory rights during the hearing. Section 201 of the Code of Criminal Procedure clearly provides that ‘ ‘ After the waiver of the defendant to make a statement, or after he has made it, his witnesses, if he produce any, must be sworn and examined.”
The action of the Justice of the Peace in refusing to call such witnesses and permit their examination was clearly erroneous.
The traditional remedies for the failure to comply with the statute are a writ of habeas corpus to release the defendant from custody; the rejection of evidence at the trial (see People v. Sperduto, 221 App. Div. 577; People ex rel. Taylor v. Smalley, 121 Misc. 331); and, in rare cases, by a proceeding against the magistrate (see Matter of Whyard, 121 App. Div. 917).
To these remedies the defendant would have us add a fourth and unprecedented remedy, to wit: providing to the defendant, in the form of a bill of particulars, testimony he claims he would have produced had he been given the opportunity. There is no statutory provision for such a bill of particulars, and whether or not the court has inherent power to order such a bill would seem to depend on the purpose of the preliminary hearing and its relationship to the trial of the indictment.
The primary purpose of the preliminary hearing (Code Crim. Pro., part IV, tit. Ill, ch. VII) is to safeguard a defendant charged with a crime against being improperly committed to jail pending action of the Grand Jury on the charges made against him. An additional purpose of the hearing is to enable the parties involved to preserve certain testimony in the form of deposition for later use at the trial. Beyond these purposes, a preliminary hearing has no bearing on the course of subsequent proceedings.
*59 The finding of the indictment supersedes the proceedings before the committing magistrate in their entirety. In People ex rel. Hirschberg v. Close (1 N Y 2d 258, 261) the proposition was stated as follows: ‘ ‘ Under section' 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing
Considering the rights of the defendant at the preliminary hearing in the light of the scope of the preliminary hearing, they are rights which he may assert to prevent his illegal commitment and to prevent the use of depositions which have been improperly taken. They are not rights to be asserted to affect the proceedings subsequent to his indictment. To quote again from People ex rel. Hirschberg v. Close (supra, p. 261): “ Nevertheless, the Grand Jury acting within its own powers did not depend for its authority and that authority could not be cut down by any previous magistrate’s hearing.”
For the foregoing reasons, the bill of particulars is hereby denied, inasmuch as the items therein specified are not such as would ordinarily be the proper subject for a bill of particulars.
The defendant urges, in the language of Matter of Langert v. Tenney (5 A D 2d 586, 589) that: “ upon a criminal trial the court has power to compel disclosure of matter admissible in evidence, relevant to the innocence of the defendant, and not countervailed by a superior public interest ’ ’.
This power was also discussed in People v. Walsh (262 N. Y. 140, 149). In my opinion, the principle there set forth deals with cases in which there is some basis for the twofold determination of (1) the existence of evidence favorable to the defendant, and (2) that such favorable evidence is being concealed by the prosecution. There has not been such a showing thus far established in the ease at bar. Further, the extension of the disclosure policy urged on behalf of this defendant would run counter to the established principles governing the furnishing of bills of particulars in similar cases. (See People v. Rubin, 170 Misc. 969 and cases there cited.)
The application for a bill of particulars is denied. Submit order.