Dye, J.
This is an appeal as of right in a proceeding for a writ of habeas corpus, in which the relator attacks the validity *183 of Ms detention in State prison on the ground that the sentence he is now serving of one day to life, pursuant to a conviction on a plea to the crime of rape, first degree, was not in conformity with the requirements of section 2189-a of the Penal Law. That section relates to the procedures to be adopted in pronouncing an indeterminate sentence of one day to life on convicted sex offenders. It provides that no person so convicted shall be sentenced “ until a psychiatric examination shall have been made of him [the person convicted] and a complete written report thereof shall have been submitted to the court ”. Concededly, no such examination was had of the relator subsequent to his conviction on November 24, 1952. However, an examination had been made of him shortly after his arrest on May 2, 1952, while he was being held on suspicion of rape. A written report of that examination was submitted, under date of June 11, 1952, which set forth findings and concluded that he was “ not insane, not imbecile ” and was “ capable of understanding the charges against him ” and of “ making his defense ”. Both the examination and the report thereof appear to have been made in literal compliance with the procedures outlined in sections 659, 660, 661 and 662-e of the Code of Criminal Procedure, and for the purposes mentioned in section 658. No challenge is made as to its sufficiency to satisfy the purposes of the prior indictment and prior conviction. When sentence was pronounced on January 16, 1953, all that the court had before it was a presentence probation report and the report of psychiatric examination above referred to.
As we read the plain language of section 2189-a, it seems manifest that a psychiatric examination and a report thereof are prerequisite to the imposition of the sentence therein authorized. We indicated that in People v. Alvich (7 N Y 2d 125,128) when we pointed out that section 2189-a ‘1 mandates the procedures to be followed ”. At the time Alvich was given a suspended sentence and placed on “ Indefinite Probation ”, the court had the benefit of the findings and opinion of the psychiatrist who was then—and had been for some time prior thereto — treating the defendant, and it knew that arrangements had been made to continue the treatment and supply periodic progress reports, which it approved. Since the psychiatric information thus furnished was, relative to the sentencing date, current *184 and pertinent to the fundamental purpose of section 2189-a, we held that the report should not be discredited by any lack of literal compliance with sections 659, 660, 661 and 662-e. There is a distinction between a deviation in the method of obtaining a psychiatric report and the subject matter of the report itself. It is the latter, that is important and, unless it is current and pertinent to the statutory purpose, section 2189-a is not satisfied.
The order of the Appellate Division should be reversed and that of Special Term reinstated, and the relator remanded to the Queens County Court for resentencing in accordance with section 2189-a of the Penal Law.
Chief Judge Desmond and Judges Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.