■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE MILLS, Appellant.— Order unanimously reversed, resentence of November 2, 1956, vacated and appellant remanded to Erie County Court for resentence in accordance with memorandum. Memorandum: On November 14, 1952 appellant was convicted following trial of attempted rape, first degree and assault, second degree committed with intent to commit rape, first degree. Pursuant to the provisions of section 2189-a of the Penal Law a psychiatric examination was made and a report submitted to the court. Thereafter sentence was imposed of one day to life without specification as to which count of the indictment the sentence was imposed. In a subsequent habeas corpus proceeding in Wyoming County an order was made directing that defendant be returned to Erie County Court for resentence. Presumably this was done because of the failure to specify upon which of the two counts the sentence was imposed. Such punishment was authorized by section 243 of the Penal Law. On October 30, 1956 defendant appeared in Erie County Court and on November 2, 1956 the previous sentence was vacated and he was sentenced to a term of from one day to natural life on the count charging assault, second degree, committed with intent to commit rape, first degree. A sentence of from 5 to 10 years was imposed on the attempted rape, first degree, count and this sentence was suspended. It appears from the minutes of that proceeding that the court then had before it the 1952 psychiatric examination and report but no new examination was ordered or report obtained. In this *coram nobis* proceeding appellant through his assigned counsel contends that in view of the provisions of section 2189-a of the Penal Law construed in the light of the facts herein a new examination and report were required prior to resentence. We recognize that the issue was not presented with precision in the petition prepared by appellant without aid of an attorney but we deem the question now tendered to be of sufficient importance to pass thereon. Section 2189-a of the Penal Law provides that no person convicted of a crime punishable with imprisonment for a term of one day to life shall be sentenced " until a psychiatric examination shall have been made of [the person convicted] and a complete written report thereof shall have been submitted to the court." In considering this section the court in *People ex rel. Lawson* v. *Denno* (9 N Y 2d 181, 184) stated: " There is a distinction between a deviation in the method of obtaining a psychiatric report and the subject matter of the report itself. It is the latter that is important and unless it is current and pertinent to the statutory purpose, section 2189-a is not satisfied." Here four years elapsed between the dates of sentence and resentence. The report of the psychiatrists dated November 8, 1952 may or may not have been " pertinent " at the time of resentence in 1956 but it was not " current." The relief granted is proper in a *coram nobis* proceeding. (*People* v. *Wells*, 14 A D 2d 956.) (Appeal from order of Erie County Court denying, without a hearing, motion to vacate a judgment of conviction for attempted rape, first degree and assault, second degree, rendered November 14, 1952.) Present — Williams, P. J., Bastow, McClusky and Henry, JJ.