UNITED STATES of America ex rel. Herman BOONE, Petitioner,

v.

Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.
July 9, 1964.

Herman Boone, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent, Vincent A. Marsicano, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, now confined at Green Haven Prison, Stormville, New York, under a New York State judgment of conviction for attempted rape in the first degree, applies for a writ of habeas corpus to effect his release. His petition is based upon alleged constitutional infirmities of the conviction and of the refusal by an appellate court to assign counsel upon his appeal from the denial of his application for a writ of error coram nobis.

Upon a consideration of the various grounds set forth in the petition for the vacatur of the judgment of conviction and the sentence imposed thereon, the Court finds no basis for granting relief, and accordingly the application for the issuance of a writ is denied and the petition dismissed.

Petitioner's first contention centers about a preliminary proceeding. He contends he was not advised of his right to counsel when brought before a local magistrate, who bound him over to await grand jury action. An indictment was subsequently returned by the grand jury, following which two lawyers were assigned by the Court, who defended him upon the trial. The jury returned a verdict of guilty and petitioner was sentenced to a term of from five to ten years. No appeal was taken from the judgment of conviction.

Under the New York statute a committing magistrate conducting a preliminary hearing is under a duty to advise the defendant of his right to the aid of counsel.[1] It is assumed arguendo here that, as petitioner alleges, the mandate of the statute was not followed. However, not every failure to inform an accused of his right to counsel during a preliminary stage of a criminal proceeding so taints the subsequent proceeding as to render it void as in derogation of his constitutional rights. Whether or not such a failure violates an accused's federally protected right to due process under the Fourteenth Amendment depends in each case upon the nature of the State preliminary proceeding.[2] The test is whether that proceeding and what occurred thereat may adversely and prejudicially affect his defense to the charge in a subsequent trial.[3]

New York law requires that a defendant, brought before a magistrate upon an arrest, either with or without a warrant, on a charge of having committed a crime, immediately be informed of the charge against him and of his right to counsel; that the magistrate, immediately after the appearance of counsel or, if none appear, then after waiting a reasonable time, proceed with the examination of the case unless the defendant waives examination; that he be informed of his right to make any statement in answer to the charge, of his right to waive making any statement, and that the waiver cannot be used against him on the trial. The defendant is not required to plead. In the event of an examination, and if the magistrate finds probable cause, the defend-

1. N.Y.Crim.Code, § 188:
   "MAGISTRATE TO INFORM DEFENDANT OF THE CHARGE, AND HIS RIGHT TO COUNSEL
   "When the defendant is brought before a magistrate upon an arrest either with or without warrant on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had."

2. United States ex rel. Cooper v. Reincke, Docket No. 28480, 333 F.2d 608 (2d Cir., 1964).

3. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); United States ex rel. Cooper v. Reincke, Docket No. 28480, 608 F.2d 333 (2d Cir., 1964).

ant is bound over to await grand jury action, or else he must be discharged.[4] The preliminary proceeding is for the benefit and protection of the defendant.[5]

■■ The magistrate's proceeding is entirely distinct from the grand jury's inquiry of the same charges. The New York State Court of Appeals has held that under the statute, " * * * the Grand Jury [has] power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing." [6] Just as the preliminary hearing has no binding force upon a grand jury, so it does not result in any waiver of any defense available to the defendant in any subsequent proceeding which follows in the wake of a grand jury indictment. Upon his arraignment he is free to attack the validity of the indictment, to interpose and take advantage of any legal defense thereto, or to enter a plea of not guilty or guilty.

■ Clearly the magistrate's preliminary proceeding is not of such critical nature so that what occurs there may prejudicially impinge upon or foreclose any defense or right in resistance to the charge upon a subsequent trial. Indeed, it has been held that no prejudice is worked upon a defendant who, at the time of arraignment, following indictment, pleads without the benefit of counsel, but who subsequently, at later stages in the proceeding, is represented by counsel.[7] If an arraignment, following indictment, is not of such a critical nature so that an absolute right to counsel attaches at that time, a fortiori, no

case is made out in the instance of the preliminary proceeding. Accordingly, accepting the petitioner's statement that the magistrate, in violation of the New York statute, failed to advise him of his right to aid of counsel, it does not follow that in consequence his conviction is void. It is only when State action or inaction offends basic principles of fundamental fairness that a violation of defendant's right to due process or equal protection under the Fourteenth Amendment results. There has been no such showing here. Nor is there any suggestion that any aspect of the pre-indictment procedure was used to his detriment upon the trial which could have been avoided had he been advised of his right to counsel and had counsel represented him at the magistrate's proceeding. There is no basis for any claim under the Fourteenth Amendment that the lack of counsel at that hearing "infect[ed] his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' " [8]

■ The defendant makes the further contention that at the magistrate's hearing witnesses were not examined in his presence and they were not cross-examined on his behalf, as provided for by the State law.[9] No claim is made that the deposition of any witness at the preliminary hearing was received in evidence upon the trial by reason of his unavailability at the time of trial.[10] In any event, the instant contention has not been submitted to the State Courts. Since the claim may still be presented there for determination, this Court does not reach the issue for failure to exhaust an available State remedy. It should be pointed out, however, that since the hearing was only preliminary

---

4. See N.Y.Crim.Code, §§ 188–221–b.

5. United States v. Greene, 100 F. 941, 945 (S.D.N.Y.1900); People v. Brown, 203 N.Y. 44, 48, 96 N.E. 367 (1911).

6. People ex rel. Hirschberg v. Close, 1 N.Y. 2d 258, 152 N.Y.S.2d 1, 2–3, 134 N.E.2d 818, 819 (1956).

7. United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y.), aff'd on opinion

below, 325 F.2d 436 (2d Cir. 1963); United States ex rel. Hussey v. Fay, 220 F. Supp. 562 (S.D.N.Y.1963).

8. United States ex rel. Cooper v. Reincke, Docket No. 28480, 333 F.2d 608 at 613 (2d Cir., 1964).

9. N.Y.Crim.Code, § 195.

10. See People v. Sperduto, 221 App.Div. 577, 224 N.Y.S. 529 (1st Dep't 1928).

in nature, there is no federally protected constitutional right to a confrontation of witnesses as upon a trial.[11] And indeed, there is no constitutional requirement that a State set up a procedure prior to indictment for examination of witnesses.[12]

■ The defendant next seeks to vacate the judgment of conviction because the Trial Judge imposed sentence without the benefit of a presentence report, which is authorized under section 931 of the Criminal Code. However, the section does not require such a report; it is to be provided only "when directed by the Court." Thus, the matter rests in the Court's discretion. The failure of the Court to exercise its discretion and to require a report did not trespass upon any federally protected constitutional right of the petitioner. Section 931 of the New York State Criminal Code is comparable to Federal Rule 32(c), which requires a presentence report "unless the Court otherwise directs." Our Court of Appeals has held that the fact a defendant was sentenced without the benefit of a presentence report does not violate any duty owing to a defendant.[13] Moreover, in this instance too, petitioner has not applied for relief on this ground in the State Courts, and his failure to exhaust available State remedy requires rejection of his claim.

■ The petitioner next claims that the sentence is void because of failure to comply with section 2189–a of the New York Penal Law, which provides:

"No person convicted of a crime punishable * * * with imprisonment for an indeterminate term * * * shall be sentenced until a psychiatric examination shall have been made of him and a complete written report thereof shall have been submitted to the court."

The defendant was convicted of attempted rape in the first degree, which was punishable by imprisonment for not more than ten years,[14] and accordingly a psychiatric examination was required before imposition of sentence upon him.[15] This ground of attack was never presented to the State Courts where relief is available, either upon an application for a writ of habeas corpus,[16] or by way of writ of error coram nobis.[17]

The final ground urged by defendant for the vacatur of the conviction is based upon the refusal of the Appellate Division, Third Department, to appoint counsel to represent him in the prosecution of an appeal from an order which denied his application for a writ of error coram nobis, in which he advanced one of the grounds advanced here. The petitioner filed his notice of appeal; he was granted the right to appeal as an indigent and was permitted to prosecute the appeal upon a typewritten record and briefs; however, his motion for assignment of counsel was denied. Subsequently the petitioner withdrew his appeal and it was never prosecuted. Petitioner's contention is that the refusal to assign counsel violated his rights under the Sixth and Fourteenth Amendments of the Federal Constitution.

The petitioner, as already noted, never filed a direct appeal from the judgment of conviction, which was entered in December 1959. Two years thereafter, in September 1961, he applied to the County Court for the writ of error coram nobis, which was denied and from which he ap-

11. See Goldsby v. United States, 160 U.S. 70, 72, 16 S.Ct. 216, 40 L.Ed. 343 (1895).

12. See Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204 (1941); United States v. Heideman, 21 F.R.D. 335 (D.D.C.), aff'd, 104 U.S.App.D.C. 128, 259 F.2d 943 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959).

13. United States v. Schwenke, 221 F.2d 356 (2d Cir. 1955).

14. N.Y.Penal Law, §§ 262, 2010.

15. People ex rel. Lawson v. Denno, 9 N.Y. 2d 181, 212 N.Y.S.2d 408, 173 N.E.2d 232 (1961).

16. Ibid.

17. People v. Mills, 18 A.D.2d 960, 238 N.Y. S.2d 115 (4th Dep't 1963).

pealed to the Appellate Division, Third Department.

■■■■ While recent decisions have extended the right to counsel guaranteed by the Sixth and the Fourteenth Amendments to points in time both prior to trial[18] and subsequent to it,[19] that right has not been extended to appeals from a denial of relief via a collateral attack on a judgment of conviction. The right to counsel in such a collateral attack, at times equated to a civil proceeding,[20] is not within the reach of the Sixth Amendment, which guarantees to a defendant in "all criminal prosecutions" the assistance of counsel in his defense.[21] Accordingly, the failure of the Appellate Division, Third Department, to assign counsel to assist petitioner in the prosecution of his appeal from an order denying his writ of error coram nobis did not deprive him of any constitutional rights.[22]

18. Escobedo v. Illinois, 84 S.Ct. 1758 (1964).

19. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

20. Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 415, 3 L.Ed.2d 407 (1959).

21. See Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964); McCartney v. United States, 311 F.2d 475 (7th Cir.), cert. denied, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068 (1963).

22. United States ex rel. Tierney v. Richmond, 245 F.2d 222 (2d Cir. 1957) (assignment of counsel denied on appeal from denial of writ of habeas corpus).