■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME PORITZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 9, 1971, convicting him of attempted criminal possession of a dangerous drug in the fourth degree, upon a guilty plea, and imposing sentence. The appeal has brought up for review said court's denial, on March 31, 1971 and again on April 2, 1971, after the suppression hearing had been reopened, of defendant's motion to suppress certain evidence. Judgment reversed, on the law and the facts, motion to suppress granted and case remanded to the trial court for proceedings not inconsistent herewith. In our opinion, the search of defendant's suitcases prior to his arrest was unreasonable and unauthorized. The circumstances of this case gave rise neither to probable cause to arrest nor to a reasonable suspicion sufficient to justify a "frisk" of defendant (cf. *Brinegar* v. *United States,* 338 U. S. 160, 175–176; CPL 140.50; former Code Crim. Pro., § 180-a). In the situation presented by this case, the detective would have been justified only in making an inquiry of defendant as to his activities (*People* v. *Rosemond,* 26 N Y 2d 101). Unsatisfactory responses and/or activity on defendant's part might then have provided justification for further inquiry, a "frisk" of defendant's person, or an arrest. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS PATRICK SYMCOX, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 20, 1970, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment affirmed. In the context of this case we do not consider the one sentence statement in the charge to the jury that the court wishes "to point out to you although the defendant did not take the stand you have no right to create any inference but you must weigh the case on the testimony of the people's witnesses" to be prejudicially erroneous, particularly since the court at another point in its charge made the applicable law crystal clear when it said, "A defendant in a criminal case may stand mute and the fact that he doesn't take the stand in his own defense may not be considered by you as an admission of his guilt or as any evidence or inference of his guilt because the law says that every defendant in a criminal case is presumed to be innocent". The failure of the trial court to charge the crime of manslaughter in the second degree, even if applicable, was harmless error in view of the fact that the jury found defendant guilty "of the higher of the two degrees of crime which were charged to the jury" (*People* v. *Richetti,* 38 A D 2d 954; *People* v. *Granger,* 187 N. Y. 67; *People* v. *Brown,* 203 N. Y. 44). We have considered the other points contained in the brief of appellant's attorney and in the brief of defendant filed *pro se,* but find them to be without merit. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.