■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD GREEN, Respondent.—Order, Supreme Court, New York County, dated August 10, 1979, which granted the defendant's motion to set aside the jury verdict convicting him of the crimes of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25) and assault in the first degree (Penal Law, § 120.10, subd 1) and ordered a new trial, reversed, on the law, and the motion denied, and the matter remanded for sentence. The victim is a subway token clerk who was blinded when a gun discharged during an attempted robbery of the subway booth, in which defendant and several accomplices participated. The defendant who was 15 years of age at the time, was before the court under the 1978 Juvenile Offender Law (Penal Law, § 30.30), under which he could be held criminally responsible, but only for certain crimes. His culpability for other violations stemming from this incident could only be determined in the Family Court. The defendant's position was that the gun discharge was unintentional, and that the gun discharged accidentally. At issue as postulated by the court at Trial Term in

a long and thoughtful opinion is the question of whether the jury should have had submitted to them a lesser included offense (to assault in the first degree) of assault in the second degree or reckless assault for "recklessly caus[ing] serious physical injury to another person by means of a deadly weapon" (Penal Law, § 120.05, subd 4). Originally denied by the court, it was the basis of the determination to set aside the jury verdict and grant a new trial. The only evidence with respect to an accidental shooting (the defendant not having testified or presented witnesses) was the testimony for the People of an accomplice who stated that the defendant told him "the gun went off by accident." It being clear that the gun was used and pointed by the defendant at the victim, these hearsay words are insufficient to raise a reasonable view of the evidence that the shooting was reckless rather than intentional. The test set forth in CPL 300.50 (subd 1) as to whether a "lesser included offense" is to be submitted, is discussed recently in *People v Scarborough* (49 NY2d 364): "if, on the whole record, there is not some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime, then the lesser included offense may not be submitted" (pp 369-370). "The soundness of the rule which has evolved is underscored by consideration of the consequence of the acceptance of the proposition that there must be a charge down in every case in which any distillate of the total proof, however artificial or irrational, would support a conviction of the lesser but not the greater crime—that is, if the test were to be a literal 'any view' of the evidence rather than a 'reasonable view' of the evidence. The result would be that the spectrum of all theoretical lesser included offenses within the embrace of CPL 1.20 (subd 37) would have to be charged on request in each case within each family of criminal transactions, e.g., controlled substances, larceny, theft, assault, homicide, sex offenses. This would leave to the jury nearly absolute freedom in every prosecution to convict on any rung of the ladder of offenses in the same category and thus 'to resort to sheer speculation' as condemned in *Discala* (45 NY2d 38, 43, *supra)"* (p 373). Moreover, the jury, having found the defendant guilty of two counts involving intent, could not find as to only one of those counts, assault in the first degree, a lesser included offense of assault in the second degree involving only recklessness rather than intent. The court submitted to the jury the crimes of attempted murder in the second degree (Penal Law, § 125.25, subd 1; § 110.00) and assault in the first degree (Penal Law, § 120.10, subd 1). Attempted murder requires a finding of "intent to cause the death" (Penal Law, § 125.25, subd 1). Assault in the first degree requires a finding of "intent to cause serious physical injury" (Penal Law, § 120.10, subd 1). Assault in the second degree under subdivision 4 of section 120.05 of the Penal Law, which was not submitted, requires only a finding that the defendant "recklessly" caused serious physical injury, etc. The court made clear to the jury that it could acquit or convict on the attempted murder charge, and that, regardless of what verdict it reached on the attempted murder charge, it was free to acquit or convict on the assault in the first degree charge. Thus it was open to the jury to acquit on the attempted murder charge and convict on the assault in the first degree charge. Instead, the jury convicted on both charges, therefore affirmatively finding not only that the shooting was intentional with intent to cause physical injury but that it was done with intent to cause death. A jury which found intent to cause death when it could have limited itself to a finding of intent to cause serious physical injury would surely not have brought in a verdict that the

defendant did not intend either death or serious physical injury but was only reckless. *(People v Granger,* 187 NY 67; *People v Brown,* 203 NY 44; *People v Symcox,* 40 AD2d 1039.) Concur—Kupferman, J. P., Birns, Fein and Silverman, JJ; Sandler, J. dissents and would affirm for the reasons stated by McQuillan, J., at Trial Term.