## PATERNO *v.* LYONS, COMMISSIONER OF CORRECTION.

No. 583.   Argued April 28, 1948.—Decided June 1, 1948.

*William H. Collins* argued the cause and filed a brief for petitioner.

*Irving I. Waxman,* Assistant Attorney General of New York, argued the cause for respondent. With him on the brief were *Nathaniel L. Goldstein,* Attorney General, and *Wendell P. Brown,* Solicitor General.

MR. JUSTICE BLACK delivered the opinion of the Court.

October 30, 1936, the petitioner was indicted in the County Court of Erie County, New York, on a charge of

"Buying, receiving, concealing and withholding property, knowing the same to have been stolen or appropriated wrongfully in such manner as to constitute larceny, contrary to the Penal Law, Section 1308, in that he, the said Joseph Paterno on or about the 5th day of October, 1936, at the City of Tonawanda, in this County, feloniously brought [*sic*], received, concealed and withheld property stolen from Charles M. Rosen, doing business under the assumed name and style of Arcade Jewelry Shop."

The punishments provided for this offense and for larceny are substantially the same. Both may, according to circumstances, range up to ten years at hard labor.[1] November 10, 1936, petitioner appeared in court with counsel,

---

[1] N. Y. Penal Law §§ 1294, 1297, 1308.

pleaded not guilty to the indictment, and was released on a bond of $2500. Five months later, on April 14, 1937, he again appeared in Erie County Court and upon agreement with the district attorney was "permitted to plead guilty to the reduced charge of Attempted Grand Larceny 2nd Degree." Under New York law the punishment for such an attempt can be no more than half the punishment provided for the offense attempted.[2] The sentence, not imposed until July 16, three months after the plea of guilty, was for fifteen months minimum and thirty months maximum at hard labor. This sentence was suspended and petitioner was placed on probation with a requirement that he "make restitution $75.00 cash balance as determined by probation dept."

Although discharged from probation December 1, 1938, petitioner on December 27, 1945, made a motion in the nature of *coram nobis* in the Erie County Court asking that court to vacate and set aside its former conviction of petitioner, permit withdrawal of the plea of guilty, and for leave to plead *de novo*. There was a special reason why petitioner wished to vacate this judgment long after the probationary restraints of the sentence had been lifted. In the meantime he had pleaded guilty in the Chautauqua County Court, New York, to the crime of robbery second degree under an indictment charging him with robbery first degree. In accordance with the requirements of the

---

[2] N. Y. Penal Law § 261. Maximum punishment for grand larceny second degree is 5 years. N. Y. Penal Law § 1297. The District Attorney explained his reasons for the agreement in these words: "Only a very small portion of the stolen property was recovered and that was found in the possession of several admitted inmates of a disorderly house who are of necessity the chief witnesses for the People in this case. For these reasons and because of the character of these witnesses, it is recommended that the defendant be permitted to plead guilty to the reduced charge of Attempted Grand Larceny 2nd Degree."

New York second felony offender law [3] the Chautauqua County judge had sentenced petitioner to 15 to 30 years at hard labor, proof having been made before him of petitioner's prior Erie County conviction for attempted grand larceny second degree.

The grounds of the motion in the nature of *coram nobis* were that the Erie County Court had exceeded its power in accepting his plea of guilty to the offense of attempted grand larceny second degree under the indictment which charged him with the offense of receiving, concealing, and withholding property knowing it to have been stolen. He alleged that judgment of conviction in a case initiated by an indictment which did not include the charge to which he had pleaded guilty denied him his right under Art. 1, § 6 of the New York Constitution to be prosecuted for an infamous crime only on indictment of a grand jury,[4] and also denied him due process of law guaranteed by the Fourteenth Amendment.[5]

---

[3] N. Y. Penal Law § 1941.

[4] "No person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury . . . ." N. Y. Const., Art. 1, § 6.

[5] These questions had previously been raised by petitioner in other New York courts without success. In 1943 he had moved the Chautauqua County Court to vacate its judgment, under which he had been sentenced as a second felony offender. That Court held it was without power to pass upon the validity of the Erie County judgment and dismissed his motion. *People* v. *Paterno,* 182 Misc. 491, 50 N. Y. S. 2d 713. In another proceeding the Appellate Division of the New York Supreme Court, relying on *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 57 N. E. 2d 53, held that habeas corpus was not available to obtain vacation of the judgment, and that the only way to raise a question as to whether a plea of guilty to attempted larceny could be accepted under an indictment such as that against Paterno was by appeal or motion in arrest of judgment. *People ex rel. Paterno* v. *Martin,* 268 App. Div. 956, 51 N. Y. S. 2d 679.

The judge of the Erie County Court was of opinion that acceptance of the plea of guilty to the lesser offense deprived him of rights guaranteed by the New York Constitution and that therefore his conviction was without due process of law. 187 Misc. 56, 60 N. Y. S. 2d 813. That judge was prevented from vacating the judgment, however, by a writ of prohibition issued upon the application of the State by the Supreme Court of Erie County. That court held that Paterno had "been denied no constitutional or legal right." The Fourth Department of the Supreme Court, Appellate Division, affirmed, 272 App. Div. 120, 69 N. Y. S. 2d 715, stating that acceptance of Paterno's plea to the lesser offense might have been an error of law which would have justified relief by motion in arrest of judgment or by appeal as of right; but that petitioner, having declined to avail himself of these remedies within the statutory period, could not later raise the question.[6] It failed to accept Paterno's claim that the circumstances under which his plea was entered deprived him of due process of law. The New York Court of Appeals affirmed without opinion. 297 N. Y. 617, 75 N. E. 2d 630. We granted certiorari. 333 U. S. 831.

It is again contended here that acceptance of petitioner's plea of guilty to attempted grand larceny second degree under an indictment which charged that he had bought, received, concealed, and withheld stolen property deprived him of his right under the New York Constitution to be prosecuted for an infamous crime only on a grand jury indictment and that consequently the Erie County judgment of conviction is a nullity. But this con-

---

[6] The State argues here that while petitioner had a right to appeal and challenge acceptance of the plea of guilty under the circumstances shown, neither *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361, 57 N. E. 2d 53, nor any other New York Court of Appeals case has squarely held that the trial court's action would have constituted reversible error.

tention as to New York law has previously been rejected by the State's highest court, in *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 57 N. E. 2d 53, and was again rejected by the New York courts in this case. Their decision on such a state question is final here. *In re Duncan,* 139 U. S. 449, 462; *West* v. *Louisiana,* 194 U. S. 258, 261.

Petitioner next argues that the State has failed to supply him an available remedy to attack the judgment against him and that such a failure denies him due process of law guaranteed by the Fourteenth Amendment. See *Mooney* v. *Holohan,* 294 U. S. 103, 113. But this contention falls with its premise. Petitioner, within the periods prescribed by New York statutes, could have challenged any alleged errors of state law either by filing a motion to withdraw his plea of guilty, or a motion in arrest of judgment, or by taking a direct appeal from the original judgment.[7] Certainly in the absence of any showing that petitioner was without an opportunity effectively to take advantage of these corrective remedies to challenge purely state questions such remedies are adequate from a due process standpoint. See *Parker* v. *Illinois,* 333 U. S. 571; *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 169, and cases cited n. 6.

Petitioner further challenges the judgment as a denial of due process upon the ground that the indictment charged him with one offense and that the judgment was based on a plea of guilty to an entirely separate offense.

---

[7] N. Y. Code Crim. Proc. §§ 337, 467, 469, 517, 519–521; N. Y. Laws 1946, c. 942; N. Y. Laws 1947, c. 706; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, 68 N. E. 2d 849; *Matter of Hogan* v. *N. Y. Supreme Court,* 295 N. Y. 92, 65 N. E. 2d 181; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 57 N. E. 2d 53; *People* v. *Gersewitz,* 294 N. Y. 163, 61 N. E. 2d 427; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131, 56 N. E. 2d 79; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 47 N. E. 2d 425; see *Canizio* v. *New York,* 327 U. S. 82, 84–85.

This challenge again basically rests on the allegation that under New York law an indictment for receiving stolen property does not necessarily include a charge of an attempt to steal the property. Petitioner's motion to vacate on such a federal constitutional ground appears to be an available procedure under New York law,[8] and the courts below so assumed. Determination of this federal due process question does not depend upon whether as a matter of New York law the Erie County judge erred in permitting petitioner to plead guilty.[9] The question turns rather upon whether the petitioner under the circumstances here disclosed was given reasonable notice and information of the specific charge against him and a fair hearing in open court. *In re Oliver,* 333 U. S. 257, 273, 278; *Cole* v. *Arkansas,* 333 U. S. 196, 201. We agree with the New York courts that this petitioner had such notice and information. The fairness of the hearing afforded petitioner is not challenged.

There is close kinship between the offense of larceny and that of receiving stolen property knowing that it was stolen. When related to the same stolen goods, as here, the two crimes certainly may fairly be said to be "connected with the same transaction" as the New York Court of Appeals noted in the *Wachowicz* case. 293 N. Y. at 367, 57 N. E. 2d at 56. A person commits larceny under New York law if he "unlawfully obtains or appropriates" an article, N. Y. Penal Law § 1294; he violates the receiving of stolen property statute if he "in any way . . . conceals, withholds, or aids in concealing or withholding . . . property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute

---

[8] See cases cited note 7; Fuld, The Writ of Error Coram Nobis, 117 N. Y. L. J. 2212, 2230, 2248.

[9] See *Caldwell* v. *Texas,* 137 U. S. 692, 698; *In re Converse,* 137 U. S. 624, 631; *Leeper* v. *Texas,* 139 U. S. 462, 468; *Davis* v. *Texas,* 139 U. S. 651; *Howard* v. *Kentucky,* 200 U. S. 164, 173.

larceny," N. Y. Penal Law § 1308. The overlapping nature of the two offenses is further emphasized by the definition of larceny in § 1290, which includes conduct whereby any person who "with the intent to deprive or defraud another of the use and benefit of property, or to appropriate the same to the use of . . . any other person other than the true owner, wrongfully takes, obtains or withholds [any property] by any means whatever, from the possession of the true owner or of any other person . . . ."

It would be exaltation of technical precision to an unwarranted degree to say that the indictment here did not inform petitioner that he was charged with substantial elements of the crime of larceny thereby enabling him, as a means of cutting his sentence in half, to agree to plead guilty to an attempted larceny. Procedural requirements are essential constitutional safeguards in our system of criminal law. These safeguards should constantly and vigilantly be observed to afford those accused of crime every fair opportunity to defend themselves. This petitioner had such opportunity. Months after his first appearance in court he came back and pleaded guilty to an attempt wrongfully to "withhold" the very property of another which the indictment had originally charged him with wrongfully "withholding." [10] It would be a strained interpretation of petitioner's constitutional rights

---

[10] The Appellate Division's opinion in this case said: "It is true that the crime of attempted grand larceny, second degree is not necessarily included under a charge of criminally receiving stolen property (the then indictment against Paterno) (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, *supra*) but one can conceive a set of facts under which one guilty of criminally receiving stolen property could be guilty of larceny in unlawfully withholding the stolen property from the owner thereof. (Penal Law, § 1290; see *People* v. *Vitolo,* 271 App. Div. 959; 136 A. L. R. 1091; and 2 Wharton on Criminal Law, §§ 1122, 1168.)" 272 App. Div. at 126, 69 N. Y. S. 2d at 719.

to hold that under these circumstances he was not given sufficient notice of the charge against him to afford a basis for an intelligent decision to plead guilty to a related but lesser offense than that specifically described in the indictment. The due process clause of the Federal Constitution requires no such holding.

*Affirmed.*

MR. JUSTICE DOUGLAS dissents.

MR. JUSTICE FRANKFURTER, concurring.

The New York Constitution requires that prosecution for an "infamous crime" be upon indictment by grand jury. The New York Court of Appeals has held that this constitutional requirement does not nullify the acceptance by a trial court of a plea of guilty to the offense of attempted grand larceny, second degree, upon an indictment for knowingly receiving stolen goods. Since, so far as the United States Constitution is concerned, the States may dispense with accusations by grand juries, it is for New York and not for us to decide when the procedural requirements of New York law, not touching those fundamental safeguards which the United States Constitution protects, are satisfied. What is here challenged is New York's determination that the knowing receipt of stolen goods is sufficiently related to larceny so as to permit acceptance of a plea of guilty of the latter on the assumption that an indictment for one affords adequate notice of the other. Surely this does not rise to the dignity of a substantial federal question. In the early days of the Fourteenth Amendment, this Court deemed it appropriate to remind that that Amendment had not made this Court an appellate tribunal to supervise the administration of the criminal law of the States. It is not irrelevant to recall this admonition.

Thus, I agree with the Court's opinion, but draw from it the conclusion that the writ of certiorari should be dismissed for want of a substantial federal question.