■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE GREY ALLGOOD, Appellant.— Appeal from an order of the Supreme Court, Special Term, Columbia County which denied, in a proceeding in the nature of *coram nobis*, defendant's motion to vacate a judgment of conviction. The defendant and one Richard Arice Harvell were convicted of murder in the first degree and, upon the jury's recommendation, each was sentenced to life imprisonment. The appeal of the codefendant from an order denying relief in a like *coram nobis* proceeding is also before us. (*People* v. *Harvell*, 2 A D 2d 932.) The first ground of the instant application is an alleged failure of compliance with the provisions of section 433 of the Code of Criminal Procedure, providing, in part, that when the jury have agreed upon their verdict, they must be conducted into court and " Their names must then be called, and if all do not appear, the rest must be discharged without giving a verdict". The record shows that the jury returned into court, that the defendants were in court and all counsel present and then continues: " The Court: Call the jury please. (Clerk calls jury and defendants.) " In our view, compliance with section 433 is thus established by the record. As a second ground, defendant alleges noncompliance with section 451 of the Code of Criminal Procedure providing, in part: " When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict." The record fails to show that the verdict which the jury reported was read to them or that inquiry was made as to whether that was their verdict. In the opinion below it is remarked that in the trial court's charge, the jury was at least 13 times instructed that their verdict must be unanimous. The Special Term held that the record indicated substantial compliance with the Code of Criminal Procedure but that, in any event, the defendant's remedy was by way of appeal. Noting the undoubted eminence of the attorneys who defended, the Special Term concluded that the failure to appeal was deliberate. It might be argued, further, that, in view of the jury's recommendation of life imprisonment, the silence of experienced counsel in the face of the apparent omission and their prior failure to demand a poll of the jury (Code Crim. Pro., § 450) were likewise deliberate and considered as in the defendants' interest rather

than to their prejudice. Under these circumstances, strict compliance with the statute was waived. In any event, since the error, if such it was, appears on the face of the record, *coram nobis* will not lie. In *People* v. *Sadness* (300 N. Y. 69, 74) it was said, " We have also indicated that where an error of law appears on the face of the record *coram nobis* is not available (*People* v. *Gersewitz*, 294 N. Y. 163, 167), and that the proper procedure to be adopted by a petitioner for the correction of such an error must be limited to the normal appeal, motion in arrest of judgment, or motion to withdraw a plea (*Paterno* v. *Lyons*, 334 U. S. 314; *People ex rel. Wachowicz* v. *Martin* 293 N. Y. 361).*"* Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.