**UNITED STATES ex rel. John HUSSEY, Petitioner,**

v.

**Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
July 29, 1963.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City (Ronald J. Offenkrantz, Deputy Asst. Atty. Gen., of counsel), for respondent.

MacMAHON, District Judge.

This is a petition for a writ of habeas corpus. Petitioner is presently confined in Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction for murder in the first degree by the County Court, Kings County, on February 28, 1950. He was sentenced to life imprisonment. The factual issues are not in dispute and there is, therefore, no need for a hearing.

Petitioner claims violation of his constitutional rights in that he was not represented by counsel at the time of his arraignment on August 25, 1949. Petitioner admits that when he appeared upon his arraignment without counsel, the court advised him of his right to counsel pursuant to Section 308 of the New York Code of Criminal Procedure.* Petitioner stated that he had no funds to hire counsel and asked the court to postpone the hearing until the court appointed counsel to defend him. The court,

---

* Section 308 of the New York Code of Criminal Procedure provides: "If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. * * *"

however, declined to postpone the hearing and entered a plea of not guilty on behalf of petitioner without aid of counsel. Later, four counsel were assigned to defend petitioner who was convicted after a trial.

■ Petitioner has previously raised the contentions made here in the Supreme Court, Kings County, by way of an application for a writ of error coram nobis. The writ was denied by the court (Starkey, J.). People v. Hussey, N.Y.L.J., May 7, 1963, p. 17, col. 6. The order denying that petition was served on petitioner on June 24, 1963, and petitioner served a notice of motion for leave to appeal in forma pauperis to the Appellate Division, Second Department, on July 10, 1963. Those papers are being treated by the Attorney General as a notice of appeal and petition for leave to appeal in forma pauperis. It is clear, therefore, that petitioner has not exhausted his state remedies within 28 U.S.C. § 2254.

■ Quite apart from procedural deficiencies, however, it is clear that there is no merit to this petition. Petitioner relies heavily upon Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), where the Supreme Court held that under Alabama law a defendant's rights were irretrievably lost when a plea of not guilty was entered on arraignment without benefit of counsel. Under New York law, a defendant suffers no such prejudice, for whatever counsel could have done upon arraignment on defendant's behalf, counsel were free to do thereafter. There is nothing in New York law which in any way prevents counsel's later taking advantage of every opportunity or defense which was originally available to a defendant upon his initial arraignment. People v. Combs, App.Div., 241 N.Y.S.2d 104 (Appellate Division, Second Department).

Accordingly, the petition for a writ of habeas corpus is dismissed and a certificate of probable cause will not be issued by this court.

So ordered.