■ In the Matter of the Estate of DOUGLAS E. MCCANN, SR., Deceased. DOUGLAS E. MCCANN, JR., et al., Appellants; DIXON ALLO, as Executor of DOUGLAS E. MCCANN, SR., Deceased, Respondent.— In a probate proceeding, the contestants appeal on the law and the facts from a decree of the Surrogate's Court, Nassau County, entered May 23, 1962 on the verdict of a jury upon framed issues, which *inter alia* admitted the propounded instrument to probate as decedent's will and revoked letters of administration previously issued. Decree reversed on the law and the facts, with costs to the contestants payable out of the estate; contestants' motion to set aside the jury's verdict and to deny probate to the propounded instrument granted; verdict set aside, petition dismissed, probate denied and letters of administration reinstated as matter of law; and proceeding remitted to the Surrogate's Court for the entry of a decree accordingly. In our opinion, the evidence is insufficient to support the jury's findings, and thus is equivalent to no evidence (*Matter of Case,* 214 N. Y. 199, 203). On the basis of all the proof adduced, this court finds as a matter of law that the propounded instrument is not a valid will because of the failure of due execution, the lack of testamentary capacity, and the constructive fraud and undue influence exercised upon the decedent; hence, the motion to set aside the jury's verdict and to deny probate may properly be granted by this court (Surrogate's Ct. Act, §§ 69, 309; cf. *Matter of Ward,* 10 A D 2d 309, affd. 9 N Y 2d 949; *Matter of Wells,* 248 App. Div. 191, affd. 272 N. Y. 667). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM JIGGETTS, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered December 21, 1961 after a jury trial, convicting him of burglary and attempted rape (both in the first degree) and other crimes, and imposing sentence. Judgment reversed on the law and action remitted to the Supreme Court, Kings County, Criminal Term, for resentence of defendant and for further proceedings not inconsistent herewith. In our opinion, the sentence imposed herein must be vacated and the defendant remanded for resentence because the procedure mandated by section 2189-a of the Penal Law was not observed. There is no showing that, when sentence was imposed, the court had before it a psychiatric report current and pertinent to the purposes of section 2189-a (*People ex rel. Lawson* v. *Denno,* 9 N Y 2d 181; *People* v. *Mills,* 18 A D 2d 960; *People* v. *Duchin,* 16 A D 2d 483, 486, affd. 12 N Y 2d 351; *People* v. *Doria,* 280 App. Div. 1027). We have not considered the points raised by the appellant; nor have we considered the findings of fact in the court below. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.