UNITED STATES of America ex rel.
Sam JIGGETTS, Petitioner,

v.

Harold W. FOLLETTE, Warden of Green
Haven State Prison, Stormville,
New York, Respondent.

No. 66 Civil 2203.

United States District Court
S. D. New York.

Oct. 25, 1966.

Sam Jiggetts, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Barry Mahoney, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, now serving several concurrent sentences, the longest of which is from forty to sixty years, imposed pursuant to a judgment of conviction on

a multiple count indictment [1] entered upon a jury verdict rendered on January 16, 1959, in the Supreme Court of New York, Kings County,[2] seeks his release upon federal habeas corpus on two grounds: (1) his confession, admitted upon the trial was involuntarily made; and (2) he was denied a fair trial in that the jury was informed, to his substantial prejudice, of a prior conviction of second degree rape.[3] Additionally, in answering the state's contention that he waived his right to assert the first of these claims by failing to raise it at trial, petitioner contends that he was, at the time of his trial, mentally incompetent and unable to make or assist in his defense.

With respect to his first contention, petitioner claims that his confession was obtained only after five or six hours of constant questioning, during which time he was given no rest, food or water, and only after he reasonably understood that the police had threatened to jail his wife, the mother of his two infants. Petitioner claims that he has made several applications for coram nobis relief on the ground that his confession was involuntary. However, it appears that he has never raised in his coram nobis applications the factual allegations, specified above, which he now raises here. Moreover, he did not appeal from any of the denials of these coram nobis applications.

■ Thus, neither the lower nor appellate state courts have had the opportunity to pass upon the merits of petitioner's fully developed claims. In order to have exhausted his state remedies, petitioner must have directly and fairly presented his federal claims to the state courts,[4] including the appellate courts.[5] He has neither fairly presented his claims nor appealed.

■ The availability of state relief exists. The New York courts do not apply the doctrine of res judicata in coram nobis proceedings;[6] he therefore may begin anew. And he has a statutory right to take an appeal from a denial of

---

1. He was convicted of burglary in the first degree, attempted rape in the first degree, assault in the second degree, with intent to commit rape, assault with a deadly weapon, and carrying a dangerous weapon as a felony.

2. Petitioner appealed this conviction and the Appellate Division reversed the judgment and remitted for resentencing on the ground that the trial judge did not have before him, when he sentenced petitioner, the psychiatric report required by § 2189–a of the New York Penal Law, McKinney's Consol.Laws, c. 40; People v. Jiggetts, 19 A.D.2d 837, 245 N.Y.S.2d 304 (2d Dep't 1963). The trial judge resentenced him to the same sentence on February 21, 1964. He appealed and the Appellate Division affirmed without opinion, 23 A.D.2d 967, 259 N.Y.S.2d 813 (2d Dep't 1965). Leave to appeal to the Court of Appeals was denied on August 6, 1965.

3. The jury learned of this matter in the following manner: One count of the indictment charged petitioner with carrying a dangerous weapon as a felony under § 1897 of the New York Penal Law. Prerequisite to conviction of this crime as a felony was proof that the defendant had been "previously convicted of any crime." The prosecution, however, made reference before the jury to the precise crime with which petitioner had previously been charged—first degree rape—as well as the specific crime to which he had previously pleaded guilty—second degree rape. Although the trial judge questioned the prosecution's introducing the prior indictment, he himself stated in his charge the specific character of the prior conviction.

4. Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Rose v. Dickson, 327 F.2d 27, 29–30 (9th Cir. 1964); Schiers v. People, 333 F. 2d 173, 175–176 (9th Cir. 1964); United States ex rel. Kulikauskas v. Murphy, 293 F.2d 563, 566 (2d Cir. 1961); United States ex rel. Ortiz v. Wallack, 237 F.Supp. 854, 856 (S.D.N.Y.1965); United States ex rel. Kessler v. Fay, 232 F.Supp. 139, 142 (S.D.N.Y.1964).

5. Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944) (exhaustion of state remedies includes "all appellate remedies in the state courts * * *."); United States ex rel. Kling v. LaVallee, 306 F.2d 199, 202 (2d Cir. 1962); United States ex rel. Hussey v. Fay, 220 F.Supp. 562, 563 (S.D.N.Y. 1963).

6. People v. Mazzella, 13 N.Y.2d 997, 998, 245 N.Y.S.2d 6, 194 N.E.2d 835 (1963); People v. Boehm, 309 N.Y. 362, 369, 130

coram nobis relief.[7] After he has presented to the state courts for their full consideration all the claims he urges here, including his claims regarding the introduction of a prior conviction [8] and his mental incompetency at the time of trial, he will properly have given "[t]he State in the first instance * * * the opportunity to vacate a conviction resting upon alleged constitutional violations." [9]

Accordingly, the petition is dismissed for failure to exhaust state remedies.

N.E.2d 897 (1955); Matter of Bojinoff v. People, 299 N.Y. 145, 151, 85 N.E.2d 909 (1949).

7. N.Y.Code Crim.Proc. § 517(3). An appeal will lie whether or not a coram nobis hearing was granted. E.g., People v. Derrick, 21 A.D.2d 938, 251 N.Y.S.2d 310 (3d Dep't 1964), rev'd on other grounds, 15 N.Y.2d 816, 257 N.Y.S.2d 936, 205 N.E.2d 860 (1965).

8. Petitioner raised this claim in the Appellate Division in appealing his conviction, but *as an issue of state law not of his federal constitutional rights*. It has been held that such presentation does not exhaust state remedies. United States ex rel. Rios v. Fay, 232 F.Supp. 368 (S.D.N.Y.1964); United States ex rel. Knight v. Fay, 232 F.Supp. 910, 911 (S. D.N.Y.1964); Terry v. Denno, 254 F. Supp. 909, 910 (S.D.N.Y.1966). It is not altogether clear whether the New York courts will review this contention on co-

ram nobis. Nevertheless, it is "not authoritatively shown that no further relief is available" to petitioner in the state courts. See United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965). In any event, since petitioner has in other respects failed to exhaust state remedies, he may bring this claim along with his others before the state courts. As this court has said before: "Should the state refuse to consider petitioner's claims, the doors of the federal court will then be open." Terry v. Denno, 254 F.Supp. 909, 911 n. 5 (S.D. N.Y.1966).

9. United States ex rel. Rios v. Fay, 232 F.Supp. 368–369 (S.D.N.Y.1964), quoted in United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205, 207 (S.D.N.Y. 1964), aff'd, 343 F.2d 752 (2d Cir. 1965). Accord, Rogers v. Richmond, 365 U.S. 534, 547–548, 81 S.Ct. 735, 5 L.Ed. 2d 760 (1961).