**UNITED STATES ex rel. Raymond CANDELARIA, Petitioner,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Attica, N. Y., Respondent.**

**No. 68 Civ. 922.**

United States District Court
S. D. New York.

May 7, 1968.

Raymond Candelaria, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; John G. Proudfit, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner is presently confined to Attica State Prison, Attica, New York, pursuant to a judgment of conviction entered after a trial by jury for violation of narcotics laws. His conviction was affirmed by the Appellate Division,[1] and leave to appeal to the Court of Appeals was denied. He seeks his release upon a federal writ of habeas corpus, alleging that his federal constitutional rights were violated. The charges are (1) that the testimony of certain state witnesses at his trial was false; (2) that he was denied an opportunity to consult with counsel at the time of his arrest; and (3) that there was delay in his arraignment.

In November 1967 the petitioner, upon the same allegations as here presented, applied to this court for a writ of habeas corpus, which was denied by Judge Mc-Gohey for failure of petitioner to exhaust available state remedies. Thereafter petitioner instituted a coram nobis proceeding in the Supreme Court, New York County, which was denied in December 1967. No appeal was taken from the denial of the petition for writ of error coram nobis.

The failure of petitioner to appeal from the denial of his petition for writ of error coram nobis alone requires denial of the instant application, since he has failed to exhaust available state remedies.[2] Denial also is required upon the merits. The contention with respect to allegedly false testimony presented an issue of the credibility of witnesses, the resolution of which was by the jury.[3] Since there was evidence to support the charge, the jury verdict based thereon presents no constitutional issue.[4]

Next, as to the claim that he was denied an opportunity to consult with counsel at the time of arrest, Escobedo[5] is inapplicable, since there was no confession or statement resulting therefrom. Moreover, the facts in the instant case are far removed from Escobedo.

Finally, the delay in arraignment presents no constitutional issue. No statement by the defendant resulted therefrom. Moreover, the issue was not raised either before or during the trial.[6]

The petition is dismissed.

1. People v. Candelaria, 27 A.D.2d 903, 280 N.Y.S.2d 539 (1st Dep't 1967).

2. United States ex rel. Jiggetts v. Follette, 260 F.Supp. 301 (S.D.N.Y.1966).

3. United States v. Kelly, 349 F.2d 720, 780 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); United States v. Reina, 242 F.2d 302, 307 (2d Cir.), cert. denied, 354 U.S. 913, 77 S.Ct. 1294, 1 L.Ed.2d 1427 (1957).

4. United States ex rel. Morton v. Mancusi, 393 F.2d 482 (2d Cir. 1968).

5. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

6. United States v. Indiviglio, 352 F.2d 276, 279–80 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). See United States v. Del Llano, 354 F.2d 844 (2d Cir. 1965); United States ex rel. Forella v. Follette, 269 F.Supp. 627 (S.D.N.Y.1967). See also United States ex rel. Boone v. Fay, 231 F.Supp. 387 (S.D.N.Y.1964).