Joseph **AGONE**, Petitioner,

v.

The **STATE OF NEW YORK**,
Respondent.

No. 69 Civ. 3672.

United States District Court
S. D. New York.

Oct. 17, 1969.

Hallisey, Goldberg & Hammer, New York City, for petitioner; Jay Goldberg, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Amy Juviler, Asst. Atty. Gen., of counsel.

**EDWARD WEINFELD, District Judge.**

The petitioner moves in this federal court to vacate a judgment of conviction entered upon his plea of guilty thirty-three years ago on January 7, 1936, in the former Court of General Sessions, New York County, State of New York, upon an allegation that "he was deprived of effective assistance of counsel" at the time of entry of his guilty plea and at sentencing in violation of his federal right to due process of law under the Fourteenth Amendment. Petitioner has long since served his sentence of not less than nine nor more than eighteen years. Following his release on parole, he was recommitted for violation and finally released in 1953. Although no longer in custody or under the restraint of parole, he brings this proceeding under the All Writs Act, 28 U.S.C. § 1651(a) (1964), for a writ of error coram nobis. However, we do not reach either the merits of petitioner's claim or the threshold question whether a federal court has jurisdiction to issue a writ of error coram nobis to void a state court judgment of conviction where a state prisoner is no longer in custody or under other restraint.[1] The petition must be dismissed, since petitioner presently has pending an appeal in the state courts presenting the very issue here advanced in support of the application for a federal writ.[2]

---

1. *See* Sanchez Tapia v. United States, 227 F.Supp. 35 (S.D.N.Y.), aff'd per curiam, 338 F.2d 416 (2d Cir. 1964), cert. denied, 380 U.S. 957, 85 S.Ct. 1096, 13 L. Ed.2d 974 (1965); Blake v. Florida, 395 F.2d 758 (5th Cir. 1968) (per curiam); Booker v. Arkansas, 380 F.2d 240 (8th Cir. 1967); Stubenrouch v. Sheriff of St. Louis County, 260 F.Supp. 910 (W. D.Mo.1966); *cf.* Rivenburgh v. Utah, 299 F.2d 842 (10th Cir. 1962). *But cf.* Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

2. Petitioner's application in the state court now on appeal asserts an additional claim that he was not advised, nor did he know, of his right to appeal from his judgment of conviction. But whether that claim, which is not presented to this Court, is likely to be successful, *cf.* United States *ex rel.* Smith v. McMann, 417 F.2d 648 (2d Cir. Oct. 10, 1969) (en banc), is, of course, irrelevant for the purposes of exhaustion of remedies in regard to the effective assistance of counsel claim. *See* United States *ex rel.* Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968).

In 1952, after petitioner had been returned to prison as a parole violator, he sought a writ of error coram nobis in the Court of General Sessions, alleging he had been denied counsel at the time of the entry of his plea of guilty in 1935 and his sentencing in 1936. After a hearing, the writ was denied and the order affirmed without opinion.[3] No appeal was taken to the New York Court of Appeals. In 1969 petitioner applied for a second writ of error coram nobis in the Supreme Court, New York County, this time alleging (1) denial of *effective* assistance of counsel, and (2) that he was not advised of his right to appeal from the original conviction. The application was denied, the court holding that the issue of effective assistance of counsel had necessarily been encompassed within and decided on the prior application, and accordingly that the petitioner was not entitled to a new hearing on that aspect of his application. The court also ruled that since petitioner had pleaded guilty and completed the sentence imposed, the claim of impairment of his right to appeal from the judgment of conviction was without merit. Petitioner's appeal from the latter ruling is presently pending undetermined before the Appellate Division.

▆▆▆▆▆ Thus, it appears that with respect to the only issue here presented, to wit, lack of effective assistance of counsel, petitioner has not exhausted available state remedies. Without deciding whether the federal courts are empowered in circumstances such as these to issue the writ of error coram nobis, there is every reason to require a coram nobis applicant, equally with the habeas corpus applicant,[4] to exhaust all available state remedies before seeking his writ in the federal court. The very practical reasons for the exhaustion rule—comity within our federal system, as well as judicial efficiency and economy—apply equally to coram nobis or habeas corpus writs. Despite the expansion of federal collateral review of state court convictions,[5] the primary responsibility for the administration of criminal justice remains with the states. The state courts should be given the first opportunity to pass upon claims of federal constitutional violations asserted by state prisoners and ex-prisoners before a federal court is asked to intervene, for a federal court is "not at liberty * * * to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land, or that it would disregard the settled principles of constitutional law * * *."[6] This policy minimizes to the greatest possible extent stifling encroachments on the jurisdiction of state courts and promotes judicial economy within the federal system by eliminating the necessity for constitutional adjudication by the federal courts before the need for such intervention has been established. The exhaustion rule, grounded upon considerations of comity, at once promotes the efficient administration of justice and reduces an abrasive factor in state-

3. People v. Agone, 280 App.Div. 973, 117 N.Y.S.2d 466 (1st Dep't 1952).

4. United States *ex rel.* McBride v. Fay, 370 F.2d 547 (2d Cir. 1966); United States *ex rel.* Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965), *affirming* 236 F.Supp. 205 (S.D.N.Y.1965); United States *ex rel.* Candelaria v. Manousi, 284 F.Supp. 171 (S.D.N.Y.1968); United States *ex rel.* Jiggetts v. Follette, 260 F. Supp. 301 (S.D.N.Y.1966); United States *ex rel.* Mahoney v. Thomas, 257 F.Supp. 928 (S.D.N.Y.1966).

5. Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963).

6. *Ex parte* Royall, 117 U.S. 241, 252, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886); *see* Darr v. Burford, 339 U.S. 200, 205, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Wade v. Mayo, 334 U.S. 672, 679, 68 S. Ct. 1270, 92 L.Ed. 1647 (1948).

federal judicial relationships.[7] Thus, the issues of whether petitioner's lack of counsel claim included consideration and disposition of the lack of effective counsel claim, and the impact, if any, of the seventeen years of vastly expanding constitutional case law which has intervened since the denial of petitioner's first application [8] are at this juncture for the state appellate courts.

The petition is dismissed.

7. *See* Henry v. Mississippi, 379 U.S. 443, 452–453, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Rogers v. Richmond, 365 U.S. 534, 547–548, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961); Darr v. Burford, 339 U.S. 200, 203–208, 70 S.Ct. 587 (1950); Wade v. Mayo, 334 U.S. 672, 679–680, 68 S.Ct. 1270 (1948).

8. *See, e. g.,* Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (right to counsel at probation revocation/deferred sentencing); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963) (Sixth Amendment right to counsel); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957) (right to counsel when entering guilty plea); *cf., e. g.,* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (right to effective counsel on appeal); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (right to counsel during pre-trial interrogation); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (right to counsel on appeal).