**UNITED STATES of America ex rel. Arthur LLOYD, Petitioner,**

v.

**E. J. LA VALLEE, Warden, Clinton Prison, New York, Respondent.**

**No. 69 Civ. 3621.**

United States District Court
S. D. New York.

Oct. 20, 1969.

### OPINION

EDWARD WEINFELD, District Judge.

The petitioner, confined to Clinton Prison, Dannemora, New York, seeks his release upon a writ of habeas corpus, contending that the judgment of conviction pursuant to which he is confined is void. Petitioner was indicted for manslaughter in the first degree and was permitted to plead guilty to assault in the second degree in the Supreme Court, New York County. He contends that since the indictment did not contain a count charg-

ing assault, his conviction is constitutionally impermissible under Article 1, § 6, of the New York State Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution. The asserted claim under the state constitution presents a state question for the New York courts to determine.[1]

 As to any alleged federal violation, apart from the fact that there is no federal constitutional right that state court felony prosecutions be instituted by grand jury indictment,[2] and petitioner makes no showing that the procedure followed by the New York court in any way deprived him of due process of law,[3] the petitioner has not heretofore presented his alleged federal constitutional claim to the state courts. Petitioner took no appeal from his judgment of conviction. An appeal from the denial of a motion for resentence in the state courts, wherein petitioner is represented by court-appointed counsel, is presently pending in the Appellate Division, First Department, although petitioner's claim before this Court does not appear to have been presented on that appeal. Petitioner has also unsuccessfully applied for a state writ of habeas corpus; however, we are given no indication of the claims therein presented and petitioner makes no mention of an appeal from that application. He is first required to present his constitutional claim to the state court and fully exhaust available state remedies before applying to the federal court for relief.

The petition is dismissed.[4]

1. Paterno v. Lyons, 334 U.S. 314, 318–319, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948).

2. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884); see Paterno v. Lyons, 334 U.S. 314, 322, 68 S.Ct. 1044 (1948) (Frankfurter, J., concurring); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006, 1008 (S.D.N.Y.1966).

3. All that is required to satisfy due process is that a defendant be given "reasonable notice and information of the specific charge against him and a fair hearing in open court." Paterno v. Ly-

ons, 334 U.S. 314, 320, 68 S.Ct. 1044, 1047 (1948). Petitioner does not allege that the indictment for manslaughter, first degree, did not give him reasonable notice of the specific charges which constituted the ultimate crime of assault, second degree, nor that any unfairness nor coercion attached to his guilty plea.

4. Petitioner also moves for removal of his case to the federal courts pursuant to 28 U.S.C. § 1443 (1964). As there is at present no prosecution against petitioner pending before the state courts, there is nothing to remove to this Court. The motion is clearly frivolous.