**UNITED STATES of America ex rel. William IRVING, Petitioner,**

v.

**J. Leland CASSCLES, Warden, Sing Sing Prison, Ossining, New York, Respondent.**

**No. 69 Civ. 4610.**

United States District Court, S. D. New York.

March 5, 1970.

on the coram nobis. *Cf.* United States *ex rel.* Brock v. LaVallee, 306 F.Supp. 159 (S.D.N.Y.1969).

The petition is dismissed for failure to exhaust available state remedies.

**CHIP STEAK CO., Inc., et al., Plaintiffs,**

v.

**Clifford HARDIN, etc., et al., Defendants.**

**No. 49834.**

United States District Court,
N. D. California.

Oct. 20, 1971.

William Irving, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent; Amy Juviler, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

The petitioner, who seeks a federal writ of habeas corpus to void a state court judgment of conviction entered upon his plea of guilty, now has pending undetermined an appeal in the Appellate Division, First Department, from the denial of a writ of error coram nobis. That appeal presents the same claims upon which the present petition is based. Accordingly, there has been a failure to exhaust available state remedies. *See* Agone v. New York, 304 F. Supp. 1139 (S.D.N.Y.1969). Moreover, even if it be assumed that petitioner's present claims, rejected on direct appeal, differ from those advanced on the coram nobis application and are thus technically exhausted, they are so interrelated with the coram nobis claims that any consideration here should properly await conclusion of the state appellate process