UNITED STATES of America ex rel. Allen RUSSELL, Petitioner,

v.

J. Edwin La VALLEE, Warden, Clinton Prison, Dannemora, New York, Respondent.

No. 70 Civ. 4490.

United States District Court, S. D. New York.

Jan. 4, 1971.

Allen Russell, pro se.

Louis J. Lefkowitz, Atty. Gen. State of N. Y., New York City, for respondent; Frank I. Strom, II, Deputy Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now serving a sentence of from nine to ten years at Clinton Prison, New York, pursuant to a judgment of conviction for attempted rape in the first degree, entered in the Supreme Court of the State of New York, County of New York, upon his plea of guilty, seeks his release on a writ of habeas corpus. He challenges the conviction as void for violation of his federal constitutional rights upon three grounds, based upon the due process clause of the Fourteenth Amendment and his right to counsel under the Sixth Amendment of the Federal Constitution. A review of the record reveals that, apart from the failure to exhaust available remedies as to two of his claims, all are without substance, and the petition is dismissed.

Petitioner was indicted in the Supreme Court, New York County, in March 1964, for the crime of rape in the first degree, assault in the second degree and carrying a dangerous weapon, as a felony. On June 4, 1964, after consultation with his court-appointed counsel, he withdrew his previous plea of not guilty, and with the consent of the prosecution, was permitted to plead guilty to a lesser crime, attempted rape in the first degree, to satisfy the entire indictment. The proffered plea was accepted after the court had questioned petitioner to assure that it was voluntary and understandingly made, and that a factual basis existed for the plea. On the day of sentence, petitioner acknowledged prior felony convictions and was sentenced as a multiple offender to a term of nine to ten years, which he has been serving since June 22, 1964.

Petitioner's asserted grounds of constitutional invalidity of his judgment of conviction are: (1) that he was denied

due process, since the crime of which he was convicted upon his guilty plea, to wit, attempted rape in the first degree, was not included in the indictment; (2) that the sentence was void for failure of the court to order a presentence psychiatric report, as required by former New York Penal Law McKinney's Consol. Laws, c. 40, section 2189–a; and (3) he was denied effective assistance of counsel at the time of sentencing when his counsel failed effectively to present his prior written request to withdraw his guilty plea.

The first two grounds have been presented to the state courts, where they were denied, but petitioner has not exhausted available appellate review.[1] The claim that he was convicted on a charge not included in nor part of the indictment was presented to the state courts on January 21, 1969, by an application for a writ of habeas corpus, which was dismissed on February 6 without prejudice to renewal in the proper jurisdiction. Petitioner neither appealed from the dismissal, nor did he renew his application in the county in which he was confined.[2] Accordingly, he has failed to exhaust available state remedies on his first claim.[3] Moreover, and entirely apart from the failure to exhaust available state remedies, denial of the application is also required, since it appears that the New York Code of Criminal Procedure, section 444,[4] provides a conviction may be had to an inferior degree of the crime charged in the indictment, or to an attempt to commit the crime. Such a provision, which was within the constitutional competence of the State Legislature,[5] does not impinge upon any constitutional right of a defendant and presents no federal constitutional issue.[6]

The contention that the sentencing court's failure to order a presentence psychiatric report as required by former section 2189–a of the New York Penal Law voided his conviction is joined with a claim that petitioner was entitled to be resentenced. These claims have been passed upon by state courts of original jurisdiction, but petitioner failed to exhaust available appellate state remedies, and on this ground alone his petition

1. Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944) (exhaustion of state remedies includes "all appellate remedies in the state courts * * *.") : See also United States ex rel. Molinas v. Mancusi, 370 F.2d 601, 602 (2d Cir.), cert. denied, 386 U.S. 984, 87 S.Ct. 1285, 18 L.Ed.2d 232 (1967) ; United States ex rel. Kling v. La Vallee, 306 F.2d 199, 202 (2d Cir. 1962) ; United States ex rel. Brock v. LaVallee, 306 F.Supp. 159, 161 (S.D.N.Y.1969) ; Agone v. New York, 304 F.Supp. 1139, 1141 (S.D.N.Y.1969) ; United States ex rel. Candelaria v. Mancusi, 284 F.Supp. 171, 172 (S.D.N.Y.1968) ; United States ex rel. Jiggetts v. Follette, 260 F.Supp. 301, 302–303 (S.D.N.Y.1966) ; United States ex rel. Hussey v. Fay, 220 F.Supp. 562, 563 (S.D.N.Y.1963).

2. N.Y.C.P.L.R. sec. 7002(b) (McKinney 1963).

3. Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572 (1944) ; United States ex rel. Kling v. La Vallee, 306 F.2d 199, 202 (2d Cir. 1962) ; United States ex rel. Brock v. LaVallee, 306 F. Supp. 159, 161 (S.D.N.Y.1969) ; United States ex rel. Candelaria v. Mancusi, 284 F.Supp. 171, 172 (S.D.N.Y.1968) ; United States ex rel. Gallo v. Follette, 270 F.Supp. 507, 514 (S.D.N.Y.1967) ; United States ex rel. Jiggetts v. Follette, 260 F.Supp. 301 (S.D.N.Y.1966).

4. The New York Code of Criminal Procedure, including sec. 444, was repealed by Consol.L.1970, c. 996, sec. 4, effective September 1, 1971, and replaced by Consol.L., ch. 11–A, enacted by L.1970, c. 996, also effective September 1, 1971.

5. Dedieu v. People, 4 Parker Cr.R. 593, 17 How.Prac. 224 (1859), rev'd on other grounds, 22 N.Y. 178 (1860) ; People v. Santoro, 229 N.Y. 277, 128 N.E. 234 (1920) (dissenting opinion, Chase, J. at p. 290, 128 N.E. 234).

6. Cf. Paterno v. Lyons, 334 U.S. 314, 318–322, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948) ; United States ex rel. Lloyd v. La Vallee, 304 F.Supp. 957, 958 (S.D.N.Y.1969) ; see Baker v. McGinnis, 286 F.Supp. 280 (S.D.N.Y.1968) ; United States ex rel. Good v. Rundle, 271 F.Supp. 948, 949–950 (E.D.Pa.1967).

must be rejected.[7] Petitioner raised this claim in the state courts in four separate proceedings. In August 1966, he filed a habeas corpus petition in the Supreme Court, Wyoming County, and upon its denial, he failed to appeal. Then in October of the same year, he presented his claim in a coram nobis petition to the Supreme Court, New York County, which was denied upon the ground that section 2189–a was not applicable to the crime for which petitioner had been sentenced. Again no appeal was taken. Petitioner next presented the claim in a coram nobis petition to the Supreme Court, New York County, on June 11, 1968, and this time his petition was granted to the extent of ordering a psychiatric examination and report pursuant to section 2189–a.[8]

Following his examination and the rendition of the psychiatric report, which indicated that petitioner was not a suitable subject for statutory commitment, a hearing was afforded petitioner on January 20, 1969. However, no hearing was held, since petitioner, represented by counsel, stated he did not desire to controvert the report. Instead, he contended he was entitled to be resentenced on the ground that at the time of sentence the court did not then have before it the report specified in section 2189–a. This application was denied upon a number of grounds, including (1) that in fact a psychiatric report of petitioner was available to the sentencing judge before the imposition of sentence; (2) section 2189–a did not mandate a

psychiatric report unless the court intended to impose a one day to life sentence; and (3) assuming arguendo that under petitioner's interpretation section 2189–a mandated a presentence psychiatric report, in his case "it would be a futility to order a resentence because the psychiatric report of fact indicates that the [petitioner] is not suitable for * * * commitment under * * * [the section]."[9] Petitioner thereupon appealed from the denial and dismissal of his latest petition, which was unanimously affirmed by the Appellate Division.[10] but he did not move for leave to appeal to the New York Court of Appeals, and consequently he has failed to exhaust available state remedies.

■ Apart from this procedural deficiency, petitioner's claim under former section 2189–a presents no issue of federal constitutional violation. A state is not required to order a presentence report prior to imposition of sentence as a matter of a defendant's constitutional right. Assuming arguendo, therefore, that the state failed to order such a report contrary to its own statute, it was not a denial of petitioner's federally protected right to due process of law.[11] A different situation would be presented if, on the basis of a statutory provision such as section 2189–a, a defendant were subject to a longer period of confinement than that authorized for the basic crime of which he had been convicted; in that case, increased confinement based upon any finding contained in the report could only be imposed if, in ac-

---

7. See note 1 supra.

8. See People v. Bailey, 21 N.Y.2d 588, 289 N.Y.S.2d 943, 237 N.E.2d 205 (1968).

9. Minutes of Hearing on Resentence Motion, Jan. 20, 1969, pp. 26–27, 31–32.

10. People v. Russell, 33 A.D.2d 534, 304 N.Y.S.2d 220 (1969).

11. See United States v. Fannon, 403 F.2d 391, 394 (7th Cir. 1968), vacated on other grounds, 394 U.S. 457, 89 S.Ct. 1224, 22 L.Ed.2d 416 (1969); Thompson v. United States, 381 F.2d 664, 666–667 (10th Cir. 1967); United States v. Tenenbaum, 327

F.2d 210, 212 (7th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed.2d 177 (1964); Roddy v. United States, 296 F.2d 9, 11 (10th Cir. 1961); United States v. Williams, 254 F.2d 253, 254 (3d Cir. 1958); United States v. Schwenke, 221 F.2d 356, 358 (2d Cir. 1955) (per curiam); Cassidy v. United States, 304 F. Supp. 864, 870 (E.D.Mo.1969); United States ex rel. Boone v. Fay, 231 F.Supp. 387 (S.D.N.Y.1964). But see Leach v. United States, 118 U.S.App.D.C. 197, 334 F.2d 945 (1964); Peters v. United States, 113 U.S.App.D.C. 236, 307 F.2d 193, 194 (1962) (per curiam).

cordance with due process requirements, the defendant were afforded a full hearing on the proposed finding.[12] Such is not the factual case here.

Finally, we consider petitioner's claim of lack of effective representation by counsel with respect to his desire to withdraw his guilty plea, as to which petitioner did exhaust his state remedies. At the outset it should be stressed that no attack is made upon the voluntariness of the plea of guilty.[13] Represented by counsel, petitioner withdrew his not guilty plea to the indictment charges and was permitted to plead to the lesser charge of attempted rape to cover all counts in the indictment. Upon questioning by the court, the petitioner admitted the underlying facts upon which the indictment for rape in the first degree was predicated. Petitioner's claim of deprivation of his constitutional right to effective assistance of counsel is based upon a letter sent to his lawyer after his guilty plea had been entered, wherein he indicated a desire to change his plea. This desire was kindled upon his return "to City Prison where I had a chance to discuss what I had done with those who were more familiar with such matters than I * * [and] became convinced that to accept the plea was not in my best interest." In response, the Director of the Legal Aid Society advised: "[W]e will make an application in your behalf that your plea be withdrawn"; however, "because of the admission that you made in open court, I doubt very much that any judge would allow you to withdraw your plea."

On the day of sentencing, petitioner was advised by his lawyer that he could say whatever he wished in response to the court's inquiry as to whether there was any legal or other cause why sentence should not be imposed. The record is revealing and speaks for itself. After petitioner had acknowledged two prior felony convictions, the following colloquy occurred:

"THE CLERK: Now, Allen Russell, having admitted in open court that you are the same person and were so convicted as set forth in this Information filed by the District Attorney, on your conviction herein by confession of the crime of an attempt to commit the crime of rape in the first degree, have you any legal or other cause to show why the judgment of this Court should not now be pronounced against you according to law?

"THE DEFENDANT: No.

"THE CLERK: Do you want your lawyer to speak for you?

"THE DEFENDANT: Yes.

"THE CLERK: You may speak to the Court if you wish.

"MR. ADLERBERG: For the record I would like to clear something up, if I may. After this plea was taken before the Honorable Judge Martinis, the defendant wrote me a letter saying that he had an application to withdraw his plea. I believe that he wrote a letter of similar nature to Judge Martinis that your Honor has before him.

"I have discussed this matter with the defendant this morning and he told me that he wished some time to think about it. He apparently has thought about it, and I want to know now for the record, does the defendant have an application to withdraw his plea or does he stand on the plea formerly entered.

"THE DEFENDANT: I stand on the plea."

■■■ The foregoing demonstrates beyond peradventure that petitioner's

12. *See* Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); People v. Bailey, 21 N.Y.2d 588, 289 N.Y. S.2d 943, 237 N.E.2d 205 (1968).

13. *Cf.* Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Von Moltke v. Gillies, 332 U.S. 708, 722–723, 68 S.Ct. 316, 92 L.Ed. 309 (1948); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244, 253–257 (S.D.N.Y.1966); United States v. Tateo, 214 F.Supp. 560, 563–566 (S.D.N.Y. 1963).

application is without merit. In the absence of the slightest evidence, indeed of any claim, that the plea of guilty was not fully and voluntarily made, petitioner's present contention that he should have been permitted to withdraw it at the time of sentencing on the ground he was "innocent of the charge" is entirely conclusory and warrants dismissal upon that ground alone.[14] Petitioner's statement in open court that he decided to "stand on the plea" was sufficient to end further inquiry, particularly since the burden was upon him to present evidence to the trial judge that there were grounds for the withdrawal of the pleas;[15] not a single word was then offered to support his application, nor is any evidential material now submitted which in the slightest degree taints the guilty plea. Finally, a defendant has no absolute right to withdraw a guilty plea, an application for which is addressed to the sound discretion of the trial judge, "whose decision is reversible only if clearly erroneous."[16] In the instant case, we do not reach consideration of whether there was an erroneous denial of an application to withdraw a guilty plea. Afforded the opportunity to state why judgment should not be entered, and notwithstanding his counsel's statement to the court that petitioner had considered withdrawal of his guilty plea, he adhered to it. In the face of this unequivocal position, he now charges his lawyer with inadequate representation, alleging that the lawyer's remarks concerning his purported application to withdraw his guilty plea "confused him as to the nature of the proceeding." Even accepting his statement that he was "confused," this furnishes no basis by itself for relief upon a claim of violation of federally protected constitutional rights.[17]

The petition is dismissed.

14. *See* Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir.) (per curiam), cert. denied, 389 U.S. 901, 88 S.Ct. 225, 19 L.Ed.2d 224 (1967); Castellana v. United States, 378 F.2d 231, 234 (2d Cir. 1967); United States ex rel. White v. Fay, 349 F.2d 413, 414 (2d Cir. 1965) (per curiam); United States ex rel. Homchak v. People, 323 F.2d 449, 450–451 (2d Cir. 1963) (per curiam), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

15. United States v. Giuliano, 348 F.2d 217, 221 (2d Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965); United States v. Smiley, 322 F.2d 248, 249 (2d Cir. 1963) (per curiam); United States v. Moore, 290 F.2d 501, 502 (2d Cir.) (per curiam), cert. denied, 368 U.S. 837, 82 S.Ct. 49, 7 L.Ed.2d 38 (1961); cf. United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957); United States v. Napolitano, 212 F.Supp. 743, 745 (S.D. N.Y.1963).

16. United States v. Giuliano, 348 F.2d 217, 221 (2d Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965). *See also* United States v. Fernandez, 428 F.2d 578, 580 (2d Cir. 1970); United States v. Komitor, 392 F.2d 520, 521 (2d Cir.) (per curiam), cert. denied, 393 U.S. 827, 89 S.Ct. 91, 21 L.Ed.2d 98 (1968); United States v. Hughes, 325 F.2d 789, 792 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964); United States v. Moore, 290 F.2d 501, 502 (2d Cir.) (per curiam), cert. denied, 368 U.S. 837, 82 S.Ct. 49, 7 L.Ed.2d 38 (1961); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957); United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965), aff'd, 365 F.2d 832 (2d Cir. 1966) (per curiam), cert. denied, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1967).

17. Cf. Smith v. United States, 116 U.S. App.D.C. 404, 324 F.2d 436, 440 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964); Swanson v. United States, 304 F.2d 865, 866 (8th Cir.) (per curiam), cert. denied, 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); United States ex rel. Duchin v. Follette, 251 F.Supp. 1006, 1009 (S.D.N.Y.1966); United States v. Napolitano, 212 F.Supp. 743, 747 (S.D.N.Y.1963); United States v. Warren, 181 F.Supp. 138, 142 (E.D. N.Y.1959); United States v. Shillitani, 16 F.R.D. 336, 339 (S.D.N.Y.1954).